**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2298**

CARL R. TOBIAS; TINA BELINDA HARLEY-TOBIAS,

        Plaintiffs - Appellants,

    v.

WAL-MART STORES INCORPORATED ASSOCIATES HEALTH AND WELFARE
TRUST,

        Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Charles B. Day, Magistrate Judge.
(8:08-cv-02358-CBD)

Submitted:  December 22, 2011      Decided:  January 10, 2012

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Blumenthal, BLUMENTHAL & ASSOCIATES, LLC, Landover,
Maryland, for Appellants.  Christopher R. Dunn, John W. Leonard,
DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP, Bowie,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs, Carl R. Tobias and Tina Belinda Harley-Tobias, appeal the district court's amended judgment in Defendant's favor on their state law negligence and loss of consortium claims against it. Carl Tobias's hand was severely injured when one of Defendant's employees closed a truck door on Tobias's hand after loading a television onto the truck. On appeal, Plaintiffs assert only that the district court committed reversible error when it overruled their objection to Defendant's counsel's comment during closing argument that "[c]ontributory negligence and assumption of risk is one percent[,]" and that Tobias's hand inside the truck while he was waiting for the television to be secured and the door shut was "more than one percent." We affirm the district court's judgment.

"[T]he district court is afforded broad discretion in controlling closing arguments and is only to be reversed when there is a clear abuse of its discretion." United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010) (internal quotation marks and citation omitted). When reviewing whether a district court abused its discretion in handling inappropriate conduct and comments by trial counsel, "the question is simply one of judgment to be exercised in review with great deference for the superior vantage point of the trial judge and with a close eye

2

to the particular context of the trial under review rather than to any general formulations of principle or to assessments of comparable comments in other cases." Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 197 (4th Cir. 1982). "Of course if the conduct challenged is not by applicable standards improper in the first place, then there can be no abuse of judicial discretion in failing to take any, or particular, action to correct it." Id. at 195.

Reviewing Defendant's closing argument in its entirety, we conclude that Plaintiffs have not established that counsel's comment during closing argument was an improper statement of Maryland law. Even if the comment was improper, however, we find that the magistrate judge's decision to overrule Plaintiffs' objection did not constitute a prejudicial abuse of discretion. See United States v. Caro, 597 F.3d 608, 631 (4th Cir. 2010) ("[W]e presume that a properly instructed jury has acted in a manner consistent with the instruction."), pet. for cert. filed., Jan. 10, 2011 (No. 10-8356, 10A482).

Accordingly, we affirm the district court's amended judgment in Defendant's favor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3